1  **AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
2  Email: justin.balser@akerman.com
ROBERT R. YAP (SBN 263763)
3  Email: robert.yap@akerman.com
725 South Figueroa Street, 38th Floor
4  Los Angeles, California 90017-5433
Telephone: (213) 688-9500
5  Facsimile:  (213) 627-6342

6  Attorneys for Defendant
CITIMORTGAGE, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

10

| | |
|---|---|
| 11  JIN HEE PARK, an Individual; and HYUNG YUP PARK, an Individual, | Case No.:  CV14-06043 AB (AGRx) |
| 12 | |
| 13        Plaintiffs, | Assigned to Hon. Andre Birotte, Jr., Courtroom 790 |
| 14  v. | **DEFENDANT CITIMORTGAGE, INC.'S NOTICE OF MOTION AND** |
| 15 | **MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF** |
| 16  CITIMORTGAGE, INC., a New York Corporation; and Does 1 through 100; | **POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17  Inclusive, | [Filed concurrently with Request for |
| 18        Defendants. | Judicial Notice and (Proposed) Order] |

**Hearing**
Date:      **September 22, 2014**
Time:      **10:00 a.m.**
Ctrm:      **790**
Place:     **255 East Temple Street**
              **Los Angeles, California 90012**

Complaint filed: July 1, 2014
Trial date:  none

25  ///

26  ///

27  ///

28  ///

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{29425313;4}

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  **TO THE HONORABLE COURT, TO ALL PARTIES HEREIN, AND TO THEIR**
2  **RESPECTIVE ATTORNEYS OF RECORD:**

3      PLEASE TAKE NOTICE that on September 22, 2014 at 10:00 a.m. or as soon
4  thereafter as may be heard in Courtroom 790 of the United States District Court, Central
5  District of California-Western Division, Edward R. Roybal Federal Building and United
6  States Courthouse located at 255 East Temple Street, Los Angeles, California 90012,
7  Defendant CitiMortgage, Inc. (**Citi**) will move the Court for an order dismissing with
8  prejudice the complaint of Plaintiffs Jin Hee Park and Hyung Yup Park (collectively,
9  **plaintiffs**).

10      This motion was filed after Citi's counsel met and conferred with plaintiffs'
11  counsel as required by Local Rule 7-3.  On August 1, 2, and 4, 2014, Citi's counsel and
12  plaintiffs' counsel communicated multiple times by telephone and written
13  correspondence concerning Citi's intent to bring this motion to dismiss.   These
14  communications, however, did not resolve the issues between the parties.
15  Consequently, Citi is left with no choice but to file this motion.

16      Citi's motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the
17  grounds that plaintiffs' complaint, and all causes of action contained therein, fail to state
18  a claim upon which relief can be granted because:  (1) the Homeowner Bill of Rights
19  became effective on January 1, 2013 and is not retroactive; (2) plaintiffs were
20  previously reviewed for a loan modification and failed to qualify; (3) plaintiffs failed to
21  submit a complete modification application; (4) a single point of contact was designated
22  for plaintiffs' loan; (5) the property securing plaintiffs' loan was sold to a bona fide
23  purchaser for value; (6) plaintiffs fail to sufficiently allege that Citi made any false or
24  untrue representation or breached any promise; (7) plaintiffs did not detrimentally or
25  reasonably rely on any alleged representation or promise; and (8) plaintiffs failed to
26  tender the full sum of their indebtedness or return consideration they received.

27      Citi's motion is based upon the particular matters set forth in its request for
28  judicial notice, filed concurrently herewith, of which judicial notice may or shall be

{29425313;4}                                   1                          CASE NO. CV14-06043 AB (AGRx)

taken pursuant to Federal Rule of Evidence 201. Citi's motion is further based upon this notice; upon the memorandum of points and authorities attached hereto; upon the records and files of this Court; and upon such further evidence and argument as may be presented prior to or at the time of the hearing on the motion.

Dated: August 25, 2014

Respectfully submitted,

**AKERMAN LLP**

By: _/s/ Robert R. Yap_

Justin D. Balser
Robert R. Yap
Attorneys for Defendant
CITIMORTGAGE, INC.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 5 |
|  | A. The Court May Consider The Loss Mitigation Correspondence Between Plaintiffs And Citi | 5 |
|  | B. Plaintiffs' First Claim Fails Because The Homeowner Bill of Rights Was Not Violated | 7 |
|  | 1. The Homeowner Bill of Rights Do Not Apply To Both Notices Of Default And The First Notice Of Sale | 7 |
|  | 2. Plaintiffs Were Already Reviewed For And Denied A Loan Modification | 8 |
|  | 3. Plaintiffs Failed To Submit A Complete Application | 9 |
|  | 4. Citi Identified A Single Point Of Contact For Plaintiffs' Loan | 10 |
|  | 5. Plaintiffs Cannot Set Aside The Trustee's Sale | 10 |
|  | C. Plaintiffs' Third, Fourth, And Fifth Claim Fail Because Plaintiffs Cannot Establish All Essential Elements | 11 |
|  | D. Plaintiffs' Second Claim Fails as a Matter of Law | 13 |
|  | 1. Plaintiffs Fail To Show Any Violation of California Business and Professions Code § 17200 *Et Seq.* | 13 |
|  | 2. Plaintiffs Failed To Tender or Return Consideration | 14 |
| V. | CONCLUSION | 15 |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

## Cases

*Abdallah v. United Savings Bank*
   43 Cal.App.4th 1101, 1109 (1969)..............................14

*Alder v. Drudis*
   30 Cal.2d 372, 384 (1947)..................................15

*Arnolds Management Corp. v. Eischen*
   158 Cal.App.3d 575, 578 (1984)..............................14

*Ashcroft v. Iqbal*
   556 U.S. 662, 679 (2009) ....................................4

*Balistreri v. Pacifica Police Dept.*
   901 F.2d 696, 699 (9th Cir. 1990)............................4

*Bank of the West v. Superior Court*
   2 Cal.4th 1254, 1266 (1992) ................................14

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544, 545 (2007) ....................................5

*Berryman v. Merit Property Management, Inc.*
   152 Cal.App.4th 1544, 1554 (2007)...........................13

*Clegg v. Cult Awareness Network*
   18 F.3d 752, 754-755 (9th Cir. 1994) ........................4

*Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*
   4 Cal.App.4th 963, 972-974 (1992) ..........................14

*Cortez v. Purolator Air Filtration Products*
   23 Cal.4th 163, 176-178 (2000) .............................14

*Evangelatos v. Superior Court,*
   44 Cal.3d 1188, 1209 (1988)..................................7

*Guido v. Koopman*
   1 Cal.App.4th 837, 843 (1991)...............................12

*Herrera v. Federal National Mortgage Association*
   205 Cal.App.4th 1495, 1505 (2012)............................1

*In re Syntex Corp. Securities Litigation*
   95 F.3d 922, 926 (9th Cir. 1996).............................5

*Karlsen v. American Sav. & Loan Assn.*
   15 Cal.App.3d 112, 117(1971)................................14

*Keen v. American Home Mortg. Servicing, Inc.*
   664 F.Supp.2d 1086, 1101 (E.D.Cal. 2009) ...................14

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*McGough v. Wells Fargo Bank, N.A.,*
2012 WL 5199411 at *5 n. 4 (N.D. Cal. 2012).............................................................7

*Meadows v. First American Trustee Servicing Solutions, LLC, slip op.,*
2012 WL 3945491 (N.D. Cal. 2012).............................................................12

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*
540 F.3d 1049, 1064-1065 (9th Cir. 2008).............................................................4

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.,*
slip op., 2013 WL 1196959 at *4 (N.D. Cal. 2013).............................................................7

*Mitchell v. Blue Bird Body Co.*
80 Cal.App.4th 32, 36 (2000).............................................................15

*Myers v. Philip Morris Companies, Inc.,*
28 Cal. 4th 828, 841 (2002).............................................................7

*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group*
171 Cal.App.4th 35, 50 (2009).............................................................11

*Navarro v. Block*
250 F.3d 729, 732 (9th Cir. 2001).............................................................4

*Sephery-Fard v. Aurora Bank FSB, slip op.,*
2013 WL 2239820 at *3 (N.D. Cal. 2013).............................................................7

*Sprewell v. Golden State Warriors*
266 F.3d 979, 988 (9th Cir. 2001).............................................................4

*Stansfield v. Starkey*
220 Cal.App.3d 59, 72-73 (1990).............................................................11, 12

*Stebley v. Litton Loan Servicing, LLP*
202 Cal. App. 4th 522, 526 (2012).............................................................14

*US Ecology, Inc. v. State*
129 Cal.App.4th 887, 901 (2005).............................................................11, 12

**Statutes**

Business and Professions Code § 17200.............................................................i, 13, 14, 15

Civil Code § 1709.............................................................11

Civil Code § 1710.............................................................11

Civil Code § 2923.............................................................7

Civil Code § 2923.6.............................................................1, 8, 9

Civil Code § 2924.............................................................7

Civil Code § 2924.18.............................................................9

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Civil Code § 2924.19 ................................................................................ 10

Civil Code § 3 ........................................................................................... 7

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................ 1, 4

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 — FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Jin Hee Park and Hyung Yup Park (collectively, **plaintiffs**) could no longer afford the property[1] securing their loan at issue in this litigation.  Plaintiffs admit that they defaulted on their loan obligations[2] and implicitly concede throughout their complaint that they could not repay their loan absent a modification.  Consequently, the beneficiary under plaintiffs' deed of trust had no choice but to adhere to plaintiffs' own agreement to nonjudicially foreclosure on the property to mitigate the substantial damages caused by plaintiffs' default.  These nonjudicial proceedings did not prejudice plaintiffs as they do not allege, and cannot truthfully do so, that they did not receive the monies they borrowed or that they repaid their loan in full.[3]

The undisputable record establishes that plaintiffs failed to qualify for a loan modification and that Defendant CitiMortgage, Inc. (**Citi**) notified plaintiffs of the denial of their modification application on or about January 22, 2013.[4]  Although their application had already been denied, plaintiffs disingenuously re-applied for a modification in an obvious and transparent attempt to delay nonjudicial foreclosure proceedings.  Plaintiffs' subsequent requests for a modification, however, do not and cannot give rise to any claim or cause of action under the California Homeowner Bill of Rights (**HBOR**).  The Homeowner Bill of Rights expressly provides that "[i]n order to minimize the risk of borrowers submitting **multiple applications** for first lien loan modifications **for the purpose of delay**, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated" (emphasis added).  California Civil Code (**Civ. Code**) § 2923.6(g).

---

[1] The term **"property"** shall refer to and mean the parcel of real property commonly referred to as 906 South Serrano Avenue No. 401, Los Angeles, California 90006.

[2] Complaint ¶ 13.

[3] *See Herrera v. Federal National Mortgage Association*, 205 Cal.App.4th 1495, 1505 (2012) ("[T]here is no showing of prejudice, even assuming there were procedural defects" in the foreclosure process because the "[borrowers] defaulted on their loan, owed...on their mortgage [and] did not tender payment and cure their default").

[4] Request for Judicial Notice (**RJN**), Exhibit "3"; *see also* Complaint ¶ 31.

{29425313;4}                                    1                        CASE NO. CV14-06043 AB (AGRx)

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1   Given that plaintiffs were already evaluated for a loan modification and failed to

2   qualify and that the subsequent applications plaintiffs submitted were incomplete despite

3   Citi's repeated notices,[5] Citi was not obligated to review yet another modification

4   application from plaintiffs or to further postpone foreclosure proceedings. Moreover,

5   because plaintiffs knew that they were ineligible for a loan modification since January

6   22, 2013 and the trustee's sale occurred more than **ten months** later on October 28,

7   2013,[6] plaintiffs cannot show that they detrimentally or justifiably relied on any

8   purported representation or promise. Plaintiffs also failed to tender the unpaid balance

9   of their loan or return the consideration they received thereunder, and the property has

10  been sold to a bona fide purchaser for value.[7] For these reasons, Citi's motion should be

11  granted without leave to amend, and plaintiffs' complaint should be dismissed in its

12  entirety with prejudice.

## II.   STATEMENT OF FACTS

14  In October 2006, plaintiffs executed a promissory note and obtained a first-

15  position, purchase-money loan in the original principal amount of $280,000.

16  (Complaint ¶ 11 and Ex. "A.") Plaintiffs concurrently executed a first-lien deed of trust,

17  which secured their loan and encumbered the property. (*Ibid.*) Plaintiffs' loan enabled

18  them to purchase the property. (RJN, Ex. "1.")

19  In 2012, plaintiffs admit that they "started to experience severe financial

20  hardships due to the downturn in the economy and their struggling business."

21  (Complaint ¶ 13.) Plaintiffs defaulted on their loan, and the first notice of default was

22  recorded on January 25, 2012. (Complaint ¶ 14 and Ex. "B.") That same day, a

23  substitution of trustee was recorded, which substituted Quality Loan Service

24  Corporation (**Quality**) as the foreclosure trustee under plaintiffs' first-lien deed of trust.

25  (RJN, Ex. "2.") Quality recorded a notice of sale on April 30, 2012. ( Complaint ¶ 18

26

27  ---
    [5] RJN, Exs. "3," "4," "6" through "8."
    [6] Complaint ¶ 62 and Ex. "I." at 2; RJN, Ex. "3."
28  [7] Complaint ¶ 62 and Ex. "I." at 2; RJN, Ex. "3."

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

and Ex. "C.")  Plaintiffs admit that on July 11, 2012, Quality recorded a rescission of the first notice of default.  (Complaint ¶ 19 and Ex. "D.")  Plaintiffs, however, did not cure their default, and a second notice of default was recorded on November 8, 2012, which initiated nonjudicial foreclosure proceedings on the property.  (Complaint ¶ 20 and Ex. "E.")

Plaintiffs vaguely allege that they submitted a loan modification application.  On or about January 22, 2013, Citi notified plaintiffs that they were ineligible for a modification.  (RJN, Ex. "3.")  Plaintiffs admit in their complaint that they were notified of the loan modification denial.  (Complaint ¶ 31.)  Although they do not qualify, plaintiffs again applied for a modification in a disingenuous attempt to delay foreclosure proceedings.  (Complaint ¶¶ 24-29.)  Quality recorded the second and third notices of trustee's sale on May 10 and 14, 2013 respectively.  (Complaint ¶ 30 and Exs. "F" and "G.")  At the time the second and third notices of sale were recorded, plaintiffs' loan modification application was incomplete.  (RJN, Ex. "4.").  Consequently, Citi sent written correspondence on May 14, 2013 notifying plaintiffs that their application was incomplete and identifying the documents missing from their application.  (*Ibid.*)

More than three months passed, and plaintiffs failed to submit the requested documentation.  (RJN, Ex. "6.")  Quality recorded a fourth notice of trustee's sale on August 20, 2013.  (Complaint ¶ 42 and Ex. "H.")  At that time, plaintiffs' loan modification application was still incomplete, and Citi sent another written notice on August 29, 2013 requesting plaintiffs to submit the missing documents.  (RJN, Ex. "6.")  Citi sent more notices to plaintiffs on September 12 and 26, 2013 concerning their incomplete application.  (RJN, Exs. "7" and "8.")

Citi provided plaintiffs until October 27, 2014 to submit the requested documents required to support their application.  (RJN, Ex. "8" at 1; *see also* Complaint ¶ 53.)  When plaintiffs failed to do so, the trustee's sale went forward the following day on October 28, 2013.  (Complaint ¶ 62 and Ex. "I.")  The property was sold to Jae Yeon Moon, a third party and a bona fide purchaser for value.  (Complaint, Ex. "I" at 1.)  A

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   trustee's deed upon sale evidencing the nonjudicial foreclosure sale was recorded on

2   November 13, 2013. (Complaint ¶ 63 and Ex. "I.")

3   **III.   LEGAL STANDARD**

4   Courts must dismiss a complaint for failure to state a claim upon which relief can

5   be granted. Federal Rule of Civil Procedure 12(b)(6). "A Rule 12(b)(6) motion tests

6   the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

7   The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must

8   contain sufficient factual matter, accepted as true, to state a claim to relief that is

9   plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "But where the

10  well-pleaded facts do not permit the court to infer more than the mere possibility of

11  misconduct, the complaint has alleged — **but has not 'show[n]'** — that the pleader is

12  entitled to relief" (emphasis added). *Id.* at 1950. In addition, "[d]ismissal can be based

13  on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

14  cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

15  Cir. 1990).

16  Although "all material allegations of the complaint are accepted as true,"[8] "the

17  court is not required to accept legal conclusions cast in the form of factual allegations if

18  those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

19  *Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *see also Sprewell v. Golden*

20  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (Courts are not "required to accept as

21  true allegations that are merely conclusory, unwarranted deductions of fact, or

22  unreasonable inferences"). The Court "is not required to indulge unwarranted

23  inferences in order to save a complaint from dismissal." *Metzler Inv. GMBH v.*

24  *Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064-1065 (9th Cir. 2008). "[C]onclusory

25  allegations of law and unwarranted inferences are insufficient to defeat a motion to

26  dismiss for failure to state a claim." *In re Syntex Corp. Securities Litigation*, 95 F.3d

27

28  ---
[8] *Navarro*, 250 F.3d at 732.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1    922, 926 (9th Cir. 1996).  Accordingly, the Supreme Court has held that "a Plaintiff's

2    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

3    labels and conclusions, and a formulaic recitation of a cause of action's elements will

4    not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

5         Based upon the four corners of their pleading and upon judicially noticeable

6    facts, plaintiffs' entire complaint and all causes of action therein fail to state a claim as a

7    matter of law and should be dismissed.

8    **IV.   ARGUMENT**

9         **A.    The Court May Consider The Loss Mitigation Correspondence**

10             **Between Plaintiffs And Citi**

11        In ruling on this motion, the Court may properly consider Citi's written

12   communications with plaintiffs attached as Exhibits "3" through "8" to Citi's request for

13   judicial notice.  The Ninth Circuit has held that to "[p]revent[] plaintiffs from surviving

14   a Rule 12(b)(6) motion by **deliberately omitting references to documents upon**

15   **which their claims are based**...a district court ruling on a motion to dismiss may

16   consider a document the authenticity of which is not contested, and upon which the

17   plaintiff's complaint necessarily relies" (emphasis added).  *Parrino v. FHP, Inc.*, 146

18   F.3d 699, 705-706 (9th Cir. 1998) (superseded by statute on other grounds).  Moreover,

19   "documents whose contents are alleged in a complaint and whose authenticity no party

20   questions, but which are not physically attached to the pleading, may be considered in

21   ruling on a Rule 12(b)(6) motion to dismiss.  **Such consideration does 'not convert the**

22   **motion to dismiss into a motion for summary judgment'**" (emphasis added).  *Branch*

23   *v. Tunnell*, 14 F.3d 449, 453-454 (9th Cir. 1994) (overruled on other grounds).

24        Plaintiffs' entire action relies on Citi's written communications relating to loss

25   mitigation.[9]  Each of the five claims for relief alleged in the complaint exclusively arise

26   from and relate to Citi's purported representations and conduct concerning plaintiffs'

27

28   _____
     [9] RJN, Exs. "3" through "8."

{29425313;4}                                  5                      Case No. CV14-06043 AB (AGRx)

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

multiple requests for a loan modification.  Plaintiffs' first claim for the violation of the Homeowner Bill of Rights is based on the allegations that "[d]espite Plaintiffs' timely completion and submission of a completed **loan modification** packet, CITI refused to provide Plaintiffs with a single point of contact" (emphasis added) and that "[d]espite Plaintiffs' pending **loan modification** application, [Citi] proceeded with the nonjudicial foreclosure of Plaintiffs' Property" (emphasis added).[10]  Similarly, plaintiffs' second claim for the violation of California Business and Professions Code (**Bus. & Prof. Code**) is based on the allegations that Citi "has been systematically violating the provisions of the Homeowner Bill of Rights, as it pertains to their obligations under the Deed of Trust and the pending **loan modification** review" (emphasis added) and that Citi "is dual tracking the **loan modification** in violation of the Homeowner Bill of Rights" (emphasis added).[11]  Plaintiffs' third, fourth, and fifth claims for fraud, negligent misrepresentation, and promissory estoppel are based on the allegations that Citi "refus[ed] to provide Plaintiffs a **loan modification** or at least a fair and transparent **loan modification** review" (emphasis added).[12]

Indisputably, plaintiffs' entire pleading implicitly references and necessarily relies on the contents of Citi's correspondence, which relate to and concern plaintiffs' loan modification requests.  Plaintiffs are prohibited from disingenuously excluding these written communications from their complaint in order to survive Citi's Rule 12(b)(6) motion.  *Parrino*, 146 F.3d at 705-706; *Branch*, 14 F.3d at 453-454.  This Court may therefore properly consider these correspondence,[13] which indisputably establish that plaintiffs were previously denied a loan modification and that plaintiffs' subsequent applications were incomplete.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[10] Complaint ¶¶ 74 and 75.
[11] Complaint ¶¶ 86 and 92.
[12] Complaint ¶¶ 105, 111, and 116.
[13] RJN, Exs. "3" through "8."

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**B.**   **Plaintiffs' First Claim Fails Because The Homeowner Bill of Rights Was Not Violated**

    **1.**   **The Homeowner Bill of Rights Do Not Apply To Both Notices Of Default And The First Notice Of Sale**

The amendments to Civil Code §§ 2923 *et seq.* and 2924 *et seq.* pursuant to the Homeowner Bill of Rights took effect on January 1, 2013 and is not retroactive.  "[T]he [HBOR] amendments go into effect [on] Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively." *McGough v. Wells Fargo Bank, N.A.*, 2012 WL 5199411 at \*5 fn. 4 (N.D. Cal. 2012).  The court's ruling is founded upon Civil Code § 3, which expressly states that "[n]o part of it is retroactive, unless expressly so declared."  "California courts comply with the legal principle that unless there is an 'express retroactivity provision, a statute will **not** be applied retroactively unless it is **very clear** from extrinsic sources that the Legislature…must have intended a retroactive application'" (original emphasis). *Myers v. Philip Morris Companies, Inc.*, 28 Cal. 4th 828, 841 (2002) *quoting Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1209 (1988).  Accordingly, the district courts of California have repeatedly found that the Homeowner Bill of Rights became effective only on January 1, 2013 and that it is not retroactive. *Sephery-Fard v. Aurora Bank FSB*, slip op., 2013 WL 2239820 at \*3 (N.D. Cal. 2013); *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, slip op., 2013 WL 1196959 at \*4 (N.D. Cal. 2013).

Both notices of default and the first notice of trustee's sale could not have violated the Homeowner Bill of Rights.  The first notice of default and the first notice of sale were recorded on January 26 and April 30, 2012 respectively.[14]  The second notice of default was recorded on November 8, 2012.[15]  Given that they were issued and recorded **before** any of the HBOR amendments to the Civil Code became effective on

[14] Complaint, Exs. "B" and "C."
[15] Complaint, Ex. "E."

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

January 1, 2013, plaintiffs cannot state any claim under the Homeowner Bill of Rights as to the notices of default and the first notice of trustee's sale.

### 2.    Plaintiffs Were Already Reviewed For And Denied A Loan Modification

Citi was not required to evaluate plaintiffs' subsequent requests for a loan modification.  Civil Code § 2923.6(g) expressly provides:

> "In order to minimize the risk of borrowers submitting **multiple applications** for first lien loan modifications **for the purpose of delay**, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer" (emphasis added).

It is indisputable and incontrovertible that plaintiffs' previously applied for a loan modification and that on January 22, 2013, Citi notified plaintiffs in writing that they were "ineligible" for a modification.[16]  Plaintiffs also admit and concede in their complaint that they were notified of the denial of their application.[17]  Plaintiffs, however, do not allege (and cannot truthfully do so) that that there had been a material change in their financial condition since their application was denied, that this change was documented, or that they submitted any purported documented material change to Citi.  Accordingly, Citi was not obligated review plaintiffs' subsequent loan modification applications, which were purely submitted for the purposes of foreclosure delay.  Instead, Citi was expressly authorized under the Homeowner Bill of Rights to move forward with nonjudicial foreclosure proceedings, to record the notices of sale in May and August 2013, and to conduct a trustee's sale on October 28, 2014.[18]

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL: (213) 688-9500 – FAX: (213) 627-6342

---

[16] RJN, Ex. "3."
[17] Complaint ¶ 31.
[18] Complaint, Exs. "F" through "I."

{29425313;4}

8

### 3.   Plaintiffs Failed To Submit A Complete Application

Citi was also not required to evaluate the loan modification applications plaintiffs submitted after the January 22, 2013 denial because they failed to provide a **complete** application.   A lender or its mortgage servicer may not record a notice of default or notice of sale or conduct a trustee's sale "[i]f a borrower submits a **complete** application for a first lien loan modification" (emphasis added).   Cal. Civ. Code §§ 2923.6(c) and 2924.18(a)(1).   "[A]n application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with **all documents required** by the mortgage servicer **within the reasonable timeframes** specified by the mortgage servicer" (emphasis added).   Cal. Civ. Code §§ 2923.6(h) and 2924.18(d).

Despite multiple written notices and ample opportunity to do so, plaintiffs failed to submit a complete application with all required documentation following the January 22, 2013 denial.   Citi's correspondence on May 14, 2013 establishes that plaintiffs' application was incomplete when the second and third notices of sale were recorded on May 10 and 14, 2013 respectively.[19]   Similarly, Citi's August 29, 2013 correspondence showed that after **three months**, plaintiffs' application was still incomplete when the fourth notice of trustee's sale was recorded on August 20, 2013.[20]   Citi's written notices on September 12 and 26, 2013 demonstrate that plaintiffs' application remained incomplete and that the October 28, 2014 trustee's sale was proper.[21]   Because plaintiffs' loan modification application were indisputably incomplete, the recordings of the notices of sale in May and August 2013 and the October 28, 2014 trustee's sale itself were lawful as a matter of law and did not constitute any violation of the Homeowner Bill of Rights.[22]

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[19] Complaint, Exs. "F" and "G"; RJN, Ex. "4."
[20] Complaint, Ex. "H"; RJN, Ex. "6."
[21] Complaint, Ex. "I"; RJN, Exs. "7" and "8."
[22] Complaint, Exs. "F" through "I."

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

#### 4.   Citi Identified A Single Point Of Contact For Plaintiffs' Loan

Citi's correspondence establishes that it assigned a single point of contact for plaintiffs' loan.  Citi notified plaintiffs in writing on July 5, 2013 that "Kyle Hicks," Homeowner Support Specialist for Citi, was designated as the single point of contact for plaintiffs' loan.[23]  In this capacity, Mr. Hicks issued all of Citi's correspondence on August 29 and September 12 and 26, 2013 concerning plaintiffs' (incomplete) loan modification application.[24]  Plaintiffs even acknowledge and admit that they were regularly and predominantly in contact with Mr. Hicks regarding their application since July 24, 2013[25] (after Mr. Hicks was assigned as the single point of contact on July 5, 2013).  Contrary to plaintiffs' patently false allegations that "CITI **refused** to provide Plaintiffs with a single point of contact" (emphasis added),[26] Citi established a single point of contact to assist plaintiffs with their loan and their modification application.

#### 5.   Plaintiffs Cannot Set Aside The Trustee's Sale

Assuming *arguendo* that plaintiffs allegations are true—which they are not— plaintiffs do not have any basis or right to set aside or otherwise cancel the October 28, 2013 trustee's sale.  Civil Code § 2924.19(e) expressly provides:  "A violation of [the Homeowner Bill of Rights] shall not affect the validity of a sale in favor of a bona fide purchaser and any of its encumbrancers for value without notice."  Here, the property was sold to Jae Yeon Moon, a third party individual.[27]  Given that Ms. Moon tendered the purchase price of $387,500 for the property,[28] Ms. Moon is deemed a bona fide purchaser for value.  The sale of the property to her is valid as a matter of law and cannot be challenged under any circumstance.

---

[23] RJN, Ex. "5."
[24] RJN, Exs. "6" through "8."
[25] Complaint ¶¶ 40 through 46, 52 through 61.
[26] Complaint ¶ 74.
[27] Complaint, Ex. "I" at 1.
[28] Complaint, Ex. "I" at 1.

**C.    Plaintiffs' Third, Fourth, And Fifth Claim Fail Because Plaintiffs Cannot Establish All Essential Elements**

Plaintiffs failed to show all elements necessary to state a valid claim against Citi for fraud, negligent misrepresentation, and promissory estoppel. "The elements of fraud or deceit (see Civ. Code, §§ 1709, 1710) are: a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey*, 220 Cal.App.3d 59, 72-73 (1990).    "The elements of negligent misrepresentation are '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group*, 171 Cal.App.4th 35, 50 (2009).    Similarly, "[t]he elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.'" *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 901 (2005).

Plaintiff fails to and cannot establish that Citi made any representation that was false or untrue or that Citi breached any clear and unambiguous promise.   Plaintiffs' generally allege that Citi represented/promised that it would review plaintiffs' loan modification application.   Citi's correspondence indisputably demonstrates that Citi did evaluate plaintiffs' prior loan modification application, that Citi notified plaintiffs in writing that they do not qualify for a modification, and that Citi repeatedly notified plaintiffs in writing that plaintiffs' subsequent loan modification applications were incomplete.[29]   Citi did represent to plaintiffs would be provided until October 27, 2014 to submit the requested documents missing from their application and that the trustee's

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[29] RJN, Exs. "3,"4," "6" through "8."

1   sale would be postponed to October 28, 2014.[30]  These representations/promises were

2   neither false nor breached as the trustee's sale went forward on October 28, 2014 after

3   plaintiffs (again) failed to submit the requested and required loan modification

4   documents.[31]

5          Plaintiffs also do not establish reliance on any alleged representation or promise.

6   "[I]n the context of forbearance and loan modification agreements, California courts

7   have found when borrowers undertake or forego actions in reliance on that promise,

8   such allegations are sufficient to support reliance." *Meadows v. First American Trustee*

9   *Servicing Solutions, LLC, slip op.*, 2012 WL 3945491 (N.D. Cal. 2012).  Furthermore,

10  any purported reliance must be "justifiable" or "reasonable."  *Stansfield*, 220

11  Cal.App.3d at 72-73;  *National Union*, 171 Cal.App.4th at 50; *US Ecology*, 129

12  Cal.App.4th at 901.  "[W]hether a party's reliance was justified may be **decided as a**

13  **matter of law** if reasonable minds can come to only one conclusion based on the facts"

14  (emphasis added).  *Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991).  Plaintiffs fail to

15  demonstrate that they relied to their detriment on any representation or promise, that

16  they undertook any burden or obligations, or that they forewent any **existing** and **viable**

17  options that were **actually available** to them.  Given that plaintiffs were notified back

18  on January 21, 2014 that they were "ineligible" for a loan modification,[32] it was patently

19  unjustifiable and unreasonable for plaintiffs to rely on any alleged representation or

20  promise; to believe that they could qualify for modification by simply reapplying (again

21  and again); and to forego any purported "alternative refinancing and loans"[33] for **ten**

22  **months** until the property was eventually sold on October 28, 2014.[34]

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[30] Complaint ¶ 53 ("the Property's sale date had been postponed to October 28, 2013"); RJN, Ex. "8" ("The deadline for [plaintiff] to return the [missing modification documents] is 10/27/13").
[31] Complaint ¶ 62 and Ex. "I."
[32] RJN, Ex. "3."
[33] Complaint ¶¶ 32 and 115.
[34] Complaint ¶ 62 and Ex. "I."

{29425313;4}                                    12                        CASE NO. CV14-06043 AB (AGRx)
**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs fail to plead the essential elements for fraud, negligent misrepresentation, and promissory estoppel, and their claims should be dismissed.

**D.    Plaintiffs' Second Claim Fails as a Matter of Law**

**1.    Plaintiffs Fail To Show Any Violation of California Business and Professions Code § 17200 *Et Seq.***

As a threshold issue, plaintiffs fail to show that Citi violated California Business and Professions Code § 17200 *et seq.* "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition— acts or practices which are unlawful, or unfair, or fraudulent." *Berryman v. Merit Property Management, Inc.*, 152 Cal.App.4th 1544, 1554 (2007). A business practice is unlawful if it violates another law. *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal. 4th 163, 180 (1999). "A business practice is unfair within the meaning of the [unfair competition law] if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1473 (2006). "A fraudulent business practice is one which is likely to deceive the public." (*Id.* at p. 1472.)

Plaintiffs fail to demonstrate that any of Citi's purported conduct was unlawful, unfair, or fraudulent in violation Business and Professions Code § 17200 *et seq.* As set forth herein, supra, all of plaintiffs' other claims alleged in their complaint fail as a matter of law because: (1) the Homeowner Bill of Rights became effective on January 1, 2013 and is not retroactive; (2) plaintiffs were previously reviewed for a loan modification and failed to qualify; (3) plaintiffs failed to submit a complete modification application; (4) a single point of contact was designated for plaintiffs' loan; (5) the property securing plaintiffs' loan was sold to a bona fide purchaser for value; (6) plaintiffs fail to sufficiently allege that Citi made any false or untrue representation or that breached any promise; and (7) plaintiffs did not detrimentally or

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL. (213) 688-9500 – FAX: (213) 627-6342

1   reasonably rely on any alleged representation or promise.   Consequently, plaintiffs'

2   Business and Professions Code § 17200 *et seq*. claim should be dismissed.

3                   **2.      Plaintiffs Failed To Tender or Return Consideration**

4           Plaintiffs' claim also fails because they are not entitled to any relief thereunder.

5   Plaintiffs cannot recover monetary damages.   *Bank of the West v. Superior Court*, 2

6   Cal.4th 1254, 1266 (1992).     The only remedies available under Business and

7   Professions Code § 17200 *et seq*. are injunctive relief and restitution.   *See Consumers*

8   *Union of U.S., Inc. v. Alta-Dena Certified Dairy*, 4 Cal.App.4th 963, 972-974 (1992);

9   *Cortez v. Purolator Air Filtration Products*, 23 Cal.4th 163, 176-178 (2000).

10          Both injunctive relief and restitution require tender or return of consideration.   It

11  is a well-settled maxim of equity that one who seeks equity must do equity.

12  Accordingly, under longstanding California law, plaintiffs are required to tender the full

13  amount due under their loan in order to challenge any trustee's sale of the property.

14  *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984); *Karlsen v.*

15  *American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117(1971); *Abdallah v. United*

16  *Savings Bank*, 43 Cal.App.4th 1101, 1109 (1969).   This principle known as the tender

17  rule requires a mortgagor to "demonstrat[e] an immediate ability or willingness to

18  tender payment" of the full indebtedness owed.   *Keen v. American Home Mortg.*

19  *Servicing, Inc.*, 664 F.Supp.2d 1086, 1101 (E.D.Cal. 2009).

20          "A full tender must be **made** to set aside a foreclosure sale, based on equitable

21  principles" (emphasis added).   *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th

22  522, 526 (2012).   "Allowing [a borrower] to recoup the property without full tender

23  would give them an **inequitable windfall, allowing them to evade their lawful debt**"

24  (emphasis added).   *Ibid.*  Because plaintiffs do not and cannot truthfully allege that they

25  tendered or have the ability to tender the entire sum due under their note and deed of

26  trust, which totaled $313,496.18 at the time of the October 28, 2014 trustee's sale,[35]

27

28  ---
    [35] Complaint, Ex. "I" at 1.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX (213) 627-6342

1  plaintiffs cannot prevail on any foreclosure-related claim or obtain any foreclosure-

2  related injunctive relief as a matter of law.

3      Similarly, plaintiffs are not entitled to any restitution.  "The purpose of restitution

4  as remedy for breach is the **restoration of the status quo** ante as far as is practicable"

5  (emphasis added).  *Alder v. Drudis*, 30 Cal.2d 372, 384 (1947); *see also Mitchell v. Blue*

6  *Bird Body Co.*, 80 Cal.App.4th 32, 36 (2000) ("This [restitution] remedy is intended to

7  restore 'the status quo ante as far as is practicable.'").  "[P]laintiff must **return any**

8  **consideration** he has received in order to obtain specific restitution" (emphasis added).

9  *Alder*, 30 Cal.2d at 384.  Plaintiffs, therefore, cannot obtain restitution because they fail

10  to allege (and cannot genuinely do so) that they returned or have the financial ability to

11  return the full consideration they received under the $280,000 note, which enabled them

12  to purchase the property.[36]

13      Because plaintiffs are barred from obtaining any injunctive relief or restitution,

14  plaintiffs cannot prevail on any claim under Business and Professions Code § 17200 *et*

15  *seq*.

16  **V.    CONCLUSION**

17      Based on the foregoing, Citi respectfully requests that the Court grant their

18  motion without leave to amend and dismiss the entirety of plaintiffs' complaint with

19  prejudice.

20  Dated: August 25, 2014                    Respectfully submitted,

21                                             **AKERMAN LLP**

22                                             By: */s/ Robert R. Yap*_____
23                                                  Justin D. Balser
                                                    Robert R. Yap
24                                             Attorneys for Defendant
                                               CITIMORTGAGE, INC.

25

26

27

28  ---
[36] Complaint, Ex. "A"; RJN, Ex. "1."

**DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 ~ FAX: (213) 627-6342

## PROOF OF SERVICE

I am employed in the City and County of Los Angeles, California.  I am over the age of 18 and not a party to the within action.  My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA  90017.

On **August 15, 2014**, I served the following documents

**DEFENDANT CITIMORTGAGE, INC.'S NOTICE OF MOTION**
**AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Gary Tadashi Dote<br>McFarlin LLP<br>4 Park Plaza Suite 1025<br>Irvine, CA 92614 | Tel.: 949-544-2640<br>Fax: 949-336-7612<br>Email: gary@mcfarlinlaw.com | Attorney for Plaintiffs<br>JIN HEE PARK and<br>HYUNG YUP PARK |

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   (CM/ECF ELECTRONIC FILING) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐   (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **August 15, 2014**, at Los Angeles, California.

Suzanne I. Jimenez
(Type or print name)

_Suzanne I. Jimenez_
(Signature)